EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Asociación de Residentes Urbanización La Concepción, Inc.<br><br>    Demandante-Peticionaria<br><br>v.<br><br>Junta de Planificación<br><br>    Demandado-Recurrido | Certiorari<br><br>2006 TSPR 50<br><br>167 DPR _____ |

Número del Caso: CC-2001-172

Fecha: 4 de abril de 2006

Tribunal de Apelaciones:

          Circuito Regional IV Aguadilla-Mayagüez Panel I

Panel integrado por su presidenta, la Juez López Vilanova, el Juez Córdova Arone y la Juez Feliciano Acevedo.


Abogado de la Peticionaria:

                Lcdo. Luis M. Acevedo Lebrón

Abogados de la Parte Recurrida:

                Lcdo. Daniel Martínez Oquendo
                Lcda. Milagros E. Rijos Ramos



Materia: Revisión Administrativa Civil procedente de la
         Junta de Planificación de P.R.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Asociación de Residentes Urbanización La Concepción, Inc.

   Demandante-Peticionaria

        v.

Junta de Planificación

   Demandado-Recurrido

CC-2001-172

CERTIORARI

SENTENCIA

En San Juan, Puerto Rico, a 4 de abril de 2006.

Los señores Robert Hatton y Edwin Loubriel, por conducto del arquitecto Lorenzo Ramírez, en adelante "los proponentes", sometieron a la consideración de la Junta de Planificación una consulta de ubicación para un proyecto de oficinas para uso comercial. Para el estudio de la consulta, se consideró necesaria la celebración de una audiencia pública para escuchar los planteamientos de todos los interesados en el proyecto. Esta primera vista pública se celebró el 12 de diciembre de 1997. El 10 de julio de 1998 la Junta de Planificación de Puerto Rico aprobó la Consulta de Ubicación número 97-55-0731-JPU. En su resolución la Junta de Planificación autorizó el

proyecto comercial y de oficinas con un área de 92,182 pies cuadrados en una finca de 10.1734 cuerdas, ubicada en la Carretera Estatal número 100, en el Barrio Miradero de Cabo Rojo. La resolución también informó que varios vecinos del sector acudieron a la audiencia para oponerse al proyecto, alegando que el predio objeto de la consulta y las áreas adyacentes eran inundables. Además, se hizo referencia a la participación activa de varios de los comparecientes a la audiencia pública. La resolución del 10 de julio de 1998 advino final y firme, puesto que no se solicitó revisión judicial.

El 15 de octubre de 1998, los proponentes solicitaron a la Junta de Planificación una enmienda a la consulta, consistente en cambiar el uso de 20,000 pies cuadrados de oficina a cualquier otro uso compatible con los parámetros de un distrito C-2. La Junta de Planificación determinó que debía celebrar una audiencia pública para escuchar los planteamientos de todos los interesados en la enmienda al proyecto. El 14 de mayo de 1999 se llevó a cabo esta segunda audiencia pública, después de haberse publicado un aviso de vista pública en un periódico de circulación general. La Junta de Planificación reabrió la consulta y autorizó la enmienda al proyecto mediante resolución fechada el día 20 de agosto de 1999. Esta resolución fue archivada en autos y notificada a las partes el 9 de septiembre de 1999.

En esta segunda vista pública participaron activamente varios de los comparecientes, entre éstos la Asociación de Residentes Urb. La Concepción, Inc., en adelante "la Asociación", y el Centro Unido de

Detallistas. Empresas Puertorriqueñas de Desarrollo, Inc., en adelante Empresas Puertorriqueñas, también acudió en respuesta al aviso de vista pública publicado en el periódico, representada por su abogada.[1]

Después de la vista pública, el 1 de junio de 1999, Empresas Puertorriqueñas presentó una Solicitud de Intervención en el procedimiento administrativo. La Junta de Planificación denegó esta solicitud de intervención, en una resolución emitida el 20 de agosto de 1999 que resumía la participación de Empresas Puertorriqueñas en la vista pública. La Junta de Planificación resolvió que dicha participación consistió únicamente en presentar varios planteamientos de derecho y que la solicitud de intervención no aportaba nada adicional al proceso, por lo cual "la solicitud de intervención no está debidamente fundamentada conforme lo requiere la Sección 3.5 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico".[2] No se notificó a Empresas Puertorriqueñas ni a su abogada de esta resolución.

Así las cosas, el 27 de septiembre de 1999 Empresas Puertorriqueñas solicitó a la Junta de Planificación que se le notificara "oficialmente" de la resolución de 20 de agosto de 1999. Alegó que había recibido notificación de la presentación de una solicitud de reconsideración a dicha resolución por la Asociación, pero que desconocía

---

[1]   Empresas Puertorriqueñas no participó en el proceso original de aprobación de la consulta ni en la primera vista pública celebrada para estos efectos. Su participación comenzó a partir de la celebración de la segunda vista pública.

[2]   En cambio, la Junta de Planificación, en su resolución de 20 de agosto de 1999, aceptó como interventor al Lcdo. Luis E. Del Toro, en representación de la Urb. La Concepción.

el contenido de la resolución porque nunca le fue notificada. El 13 de octubre de 1999, la Junta de Planificación declaró no ha lugar a varias solicitudes, entre éstas, la solicitud de notificación oficial presentada por Empresas Puertorriqueñas. Esta resolución sí fue debidamente notificada a la abogada de Empresas Puertorriqueñas. Según se desprende del expediente del caso, a partir de esa notificación, la Junta de Planificación incluyó a Empresas Puertorriqueñas en la lista de personas a las que se notificaría de sus resoluciones con respecto a la referida consulta. Empresas Puertorriqueñas no recurrió de la notificación denegada ni hizo planteamiento alguno en alzada referente a su solicitud de intervención.

Mediante resolución fechada el día 31 de agosto de 2000, la Junta de Planificación aprobó la enmienda a la Consulta de Ubicación número 97-55-0731-JPU. También autorizó una prórroga de dos años a la vigencia de la consulta que había aprobado en su resolución del 10 de julio de 1998. La resolución de la Junta de Planificación fue notificada a cuarenta y cinco personas, personas jurídicas y entidades, incluyendo a la abogada de Empresas Puertorriqueñas. La Asociación solicitó reconsideración, la cual fue denegada por la Junta de Planificación el 19 de octubre de 2000. Surge de los autos del caso que la solicitud de reconsideración instada por la Asociación y la resolución de la Junta de Planificación denegando la misma fueron notificadas a la representante legal de Empresas Puertorriqueñas.

Sin embargo, al presentar su recurso de revisión ante el Tribunal de Circuito de Apelaciones el 4 de diciembre de 2000, la Asociación omitió notificar a Empresas Puertorriqueñas. La Junta de Planificación solicitó entonces que se desestimara el recurso por falta de jurisdicción, por no haberse notificado a una de las partes, según lo ordena la sección 4.2 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sec. 2172. El foro apelativo accedió a ello en su resolución fechada 31 de enero de 2001.

El 7 de marzo de 2001, la Asociación presentó un recurso de *certiorari* para que revisáramos el dictamen del foro apelativo, aduciendo que el Tribunal de Circuito de Apelaciones había errado "al desestimar el Recurso de Revisión por el hecho de no haber notificado el mismo a quién [sic] la Junta de Planificación le había negado reconocer como parte Interventora".

Expedimos el auto el 30 de marzo de 2001. Luego de examinar detenidamente el asunto, y contando con el beneficio de la comparecencia de las partes este Tribunal ha acordado revocar la resolución recurrida y devolver el caso al foro apelativo para que resuelva los méritos de las controversias planteadas.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo de Puerto Rico. El Juez Asociado señor Rebollo López emitió una opinión concurrente. El Juez Asociado señor Fuster Berlingeri concurrió con el resultado sin opinión escrita. La Jueza Asociada señora Fiol Matta emitió opinión concurrente a la cual se une el Juez Presidente señor Hernández Denton. El Juez Asociado señor Rivera Pérez disiente sin

opinión escrita. La Jueza Asociada señora Rodríguez Rodríguez no intervino.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Asociación de Residente
Urbanización La Concepción,
Inc.

    Demandante-peticionaria

       vs.                        CC-2001-172
    CERTIORARI

Junta de Planificación

    Demandado-recurrido

OPINIÓN CONCURRENTE EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 4 de abril de 2006

La Sentencia mayoritaria emitida en el presente caso constituye evidencia irrefutable de la corrección de las aseveraciones que hiciéramos en la Opinión disidente que emitimos en <u>Lugo Rodríguez</u> v. <u>Junta de Planificación</u>, 150 D.P.R. 29, 48 (2000). En aquel entonces expresamos, en lo pertinente, que:

> "…un somero análisis de la decisión mayoritaria hoy emitida demuestra que la misma, en lugar de simplificar y aclarar la controversia planteada en el caso, lo que hace es complicar la misma y crear una total confusión a nivel de instancia y en apelación, lo que tendrá el efecto nocivo de hacer inmanejable, de hoy en adelante, la situación específica a la que nos enfrentamos."

El hecho de que, en el día de hoy, el Tribunal se vea en la necesidad imperiosa de

abordar el tema nuevamente constituye prueba incontrovertible de que lo expresado y "resuelto" en Lugo Rodríguez, ante, realmente no resolvió nada; esto es, la norma allí establecida por el Tribunal --respecto a quien es parte en un procedimiento administrativo-- lo que ha hecho es complicar la situación al crear una total confusión a nivel de instancia.

En el día de hoy, reiteramos las expresiones que hiciéramos en Lugo Rodríguez, ante, a los efectos de que la correcta disposición de la interrogante planteada reside en reconocer que la solución de la misma la brinda la Sec. 1.3(J) de la L.P.A.U. Conforme la referida disposición estatutaria, según entonces indicáramos, una "parte" en un procedimiento administrativo es:

> … aquella persona --que pueda resultar afectada por la decisión a ser emitida por la agencia administrativa; que verdaderamente tenga interés en participar y en ser considerada como parte; y que no se encuentre entre las personas específicamente enumeradas o mencionadas en la citada Sección 1.3(J)-- que radique ante la agencia un escrito en solicitud de intervención.

Como expresáramos entonces:

> Con el establecimiento de esta norma objetiva se evita cualquier problema o confusión. Solo se le requiere a la parte verdaderamente interesada que radique este escrito. Estamos seguros de que el que tenga verdadero interés en el asunto no tendrá mayor objeción a así hacerlo.

> Con esta norma --clara, precisa y objetiva-- se evita que las personas tengan que estar adivinando sobre: quién tiene "ulterior interés" en el procedimiento; quién compareció a la vista pero tuvo menor o mayor intervención en la

misma; quién no ha demostrado interés; y, en consecuencia, quién es, o no, "parte" en el mismo.

La determinación sobre si esa persona es, o no, "parte", dependerá, naturalmente, de la decisión de la agencia concernida sobre si permite, o no, su intervención en el procedimiento; decisión que es revisable, tal como ocurrió en Rivera v. Morales, 149 D.P.R. 672 (1999).

En el presente caso, la Junta denegó la solicitud de intervención de la recurrida Empresas Puertorriqueñas de Desarrollo, Inc. En vista a ello, ésta no era "parte"; razón por la cual no era necesario que la Asociación de Residentes de la Urb. La Concepción, Inc., le notificara con copia de su recurso. Erró el Tribunal de Apelaciones al así concluirlo. Por los fundamentos antes expuestos es que concurrimos con el resultado al que se llega en la Sentencia mayoritaria emitida en el presente caso.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Asociación de Residentes Urbanización La Concepción, Inc.

   Demandante-Peticionaria

        v.

Junta de Planificación

   Demandado-Recurrido

CERTIORARI

CC-2001-172

Opinión concurrente emitida por la Jueza Asociada señora Fiol Matta a la que se une el Juez Presidente señor Hernández Denton

En San Juan, Puerto Rico, a 4 de abril de 2006.

La peticionaria Asociación de Residentes de la Urbanización La Concepción, Inc., (la Asociación) nos solicitó que revocáramos una resolución del entonces Tribunal de Circuito de Apelaciones, que había desestimado el recurso que la Asociación había presentado ante ese foro para revisar un dictamen de la Junta de Planificación. El tribunal apelativo resolvió que no tenía jurisdicción porque no se había notificado a una "parte" en el procedimiento administrativo, contrario a la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988, 3 L.P.R.A. sec. 2172 (LPAU). Por las razones que exponemos a continuación, concurrimos con la

sentencia de este Tribunal revocando la decisión del foro apelativo.

I.

Los hechos de este caso, que se relatan en la sentencia de este Tribunal, nos requieren determinar si el foro apelativo erró al concluir que la Asociación venía obligada a notificar su recurso de revisión a Empresas Puertorriqueñas de Desarrollo, Inc. (Empresas), uno de los participantes en el procedimiento administrativo ante la Junta de Planificación (la Junta). Según la Asociación peticionaria, no era necesario notificar a Empresas porque la Junta había decidido no admitir a esa entidad como parte interventora. Sin embargo, el expediente revela y la propia agencia aduce en su oposición que esta decisión no se notificó a Empresas. Por esa razón, nuestra determinación en cuanto a si Empresas era "parte" en el procedimiento administrativo no puede basarse en dicha decisión. En vez, resulta necesario examinar las circunstancias de la participación de Empresas en el proceso administrativo para determinar si fue de tal naturaleza que efectivamente se convirtió en "parte" por razón de esa participación, activándose entonces el requisito de notificación del recurso de revisión dispuesto por LPAU y nuestra jurisprudencia.

Primeramente, no hay duda de que la Junta es una de las agencias cuyas funciones y actividades están reguladas por la LPAU. La sección 4.2 de esa ley no sólo establece el derecho a solicitar la revisión judicial de toda resolución u orden final dictada por una de estas

agencias, sino que requiere que al recurrir al foro apelativo: "La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión". 3 L.P.R.A. sec. 2172.

Esta sección trasluce claramente la intención del legislador de que todo recurso de revisión que se presente ante el foro apelativo se notifique a todas las partes, y que ello se haga constar en el escrito de solicitud de revisión. Véase Rafael Rosario & Associates v. Departamento de la Familia, 2002 T.S.P.R. 84, págs. 9-11, 157 D.P.R. ___ (2002); Montañez Rivera v. Policía de Puerto Rico, 150 D.P.R. 917, 920 (2000); Lugo Rodríguez v. Junta de Planificación, 150 D.P.R. 29, 37-38 (2000); Olmeda Díaz v. Departamento de Justicia, 143 D.P.R. 596, 601 (1997). Hemos resuelto que se debe notificar de la presentación de la solicitud de revisión tanto a la agencia de cuyo dictamen se recurre como a las personas o entidades que han sido partes en el proceso administrativo,[3] como requisito de *carácter jurisdiccional*. Su incumplimiento, por tanto, impide de forma absoluta que el foro apelativo pueda considerar el asunto en los méritos y conlleva la desestimación del recurso por falta de jurisdicción. Incluso, cualquier sentencia dictada en revisión sin que se hubiera

---

[3]   Asimismo, la Regla 58 del Reglamento del Tribunal de Circuito de Apelaciones del Estado Libre Asociado de Puerto Rico de 1996 disponía para la fecha de los hechos que: "[l]a parte recurrente notificará el escrito inicial de revisión a los (las) abogados(as) de récord del trámite administrativo o, en su defecto, a las partes, así como a la agencia o al funcionario administrativo de cuyo dictamen se recurre, dentro del término para presentar el recurso". 4 L.P.R.A. Ap. XXII-A R.58(B).

notificado del recurso a todas las partes, sería radicalmente nula. <u>Montañez Rivera v. Policía de Puerto Rico</u>, supra, pág. 920; <u>Constructora I. Meléndez, S.E. v. Autoridad de Carreteras</u>, supra, págs. 747-748; <u>Olmeda Díaz v. Departamento de Justicia</u>, supra, pág. 601; <u>Méndez Cabrera v. Corporación Urbanizadora Quintas de San Luis</u>, 127 D.P.R. 635, 637-638 (1991).

En vista de que la notificación a las partes es de carácter jurisdiccional, resulta indispensable identificar adecuadamente quién o quiénes son *"parte"* para propósitos de la presentación y notificación de un recurso de revisión. La LPAU ofrece una definición abarcadora de este vocablo, al definir *"parte"* como:

> toda persona o agencia autorizada por ley a quien se dirija específicamente la acción de una agencia o que sea parte en dicha acción, o que se le permita intervenir o participar en la misma, o que haya radicado una petición para la revisión o cumplimiento de una orden, o que sea designada como parte en dicho procedimiento. Sec. 1.3 de la LPAU, 3 L.P.R.A. sec. 2102(j).

De forma amplia, sería *"parte"* en un proceso administrativo toda persona cuyos derechos u obligaciones puedan verse afectados por la acción o inacción de la agencia administrativa y que participe activamente en los procedimientos administrativos correspondientes. La acción u omisión administrativa puede surgir por iniciativa de la agencia o puede ser promovida por un tercero. <u>Lugo Rodríguez v. Junta de Planificación</u>, supra, pág. 39. Además del promovente, el promovido y el interventor, otras personas o entes pueden ser parte, según lo dispone la LPAU, aun cuando no soliciten la intervención formal en el proceso. Hemos resuelto que el concepto de *"parte"* en derecho

administrativo es abarcador y que para fines de la ley
pueden considerarse como partes en el procedimiento los
siguientes:[4]

> (1) el promovente; (2) el promovido; (3) el
> interventor; (4) aquel (sic) que haya sido
> notificado de la determinación final de la agencia
> administrativa; (5) aquel (sic) que haya sido
> reconocido como "parte" en la disposición final
> administrativa, y (6) aquel (sic) que participa
> activamente durante el procedimiento administrativo
> y cuyos derechos y obligaciones puedan verse
> afectadas [sic] por la acción o inacción de la
> agencia. Lugo Rodríguez v. Junta de Planificación,
> supra, pág. 44.

Además, hemos establecido que, en sentido estricto,
los siguientes no son partes en el procedimiento a
quienes haya que notificar de la presentación de
mociones de reconsideración y recursos de revisión:

> (1) el mero participante; (2) el amicus curiae; (3)
> aquel (sic) que comparece a la audiencia pública
> sin mayor intervención; (4) aquel (sic) que
> únicamente declara en la vista, sin demostrar
> ulterior interés; (5) aquel (sic) que se limita a
> suplir evidencia documental; y (6) aquel (sic) que
> no demuestre tener un interés que pueda verse
> adversamente afectado por el dictamen de la
> agencia. Lugo Rodríguez v. Junta de Planificación,
> supra, pág. 44.

También hemos resuelto que tampoco son partes: las
agencias o personas consultadas; la agencia que habrá de

---

[4] El profesor Demetrio Fernández Quiñones también
identifica los siguientes como partes en el
procedimiento: "(1) a quien se dirija la acción, (2) la
agencia a quien se dirija la acción, (3) el interventor,
(4) quien haya radicado una petición para revisión o
cumplimiento de orden y (5) quien haya sido designado
como tal en el procedimiento". D. Fernández Quiñones,
Derecho Administrativo y Ley de Procedimiento
Administrativo Uniforme, 2da ed., Colombia, Ed. Forum,
2001, pág. 143. Véase además Ocean View at la Parguera
v. García, 2004 T.S.P.R. 48, pág. 11, 161 D.P.R. ___
(2004); Rivera Ramos v. Morales Blás, 149 D.P.R. 672,
682-683 (1999). En Constructora I. Meléndez, S.E. v.
Autoridad de Carreteras, supra, págs. 748-750,
reconocimos también como parte al licitador infructuoso
en un procedimiento de subasta.

asumir jurisdicción sobre el asunto en la etapa operacional; la persona a quien se le haya notificado con una *copia de cortesía* de una resolución, solicitud de reconsideración o recurso de revisión; o el licitador descalificado en un procedimiento de subasta. <u>Rivera Ramos v. Morales Blás</u>, 149 D.P.R. 672, 684-686 (1999); <u>Ocean View at La Parguera, Inc. v. García</u>, 2004 T.S.P.R. 48, pág. 12, 161 D.P.R. ___ (2004); <u>Velásquez v. Administración de Terrenos</u>, 153 D.P.R. 548, 557-558 (2001).

## II.

Para determinar si Empresas es una parte en este procedimiento, debemos distinguir entre los conceptos de "participante activo" y "mero participante". También debemos examinar la figura del interventor. En <u>Lugo Rodríguez v. Junta de Planificación</u>, supra, explicamos que un mero participante se limita a comparecer a la audiencia pública, sin mayor intervención, o incluso declara en la misma pero sin demostrar un ulterior interés en el asunto o en participar plenamente en el proceso. El mero participante también puede limitar su aportación al proceso supliendo algún tipo de evidencia o desempeñándose como *amicus curiae*[5] o testigo. <u>Lugo Rodríguez v. Junta de Planificación</u>, supra, pág. 43. <u>Véase también</u> Fernández Quiñones, <u>op. cit.</u>, pág. 144. El participante activo, por el contrario, tiene un

---

[5] En <u>Hernández Torres v. Hernández Colón et al.</u>, 127 D.P.R. 974, 977 (1991), resolvimos que debido a que la comparecencia de un *amicus curiae* no es de derecho, ni tampoco responde a un interés privado sino a las necesidades del tribunal, no puede convertirse en una parte para efectos del litigio. <u>Véase además</u> <u>Pueblo ex rel. L.V.C.</u>, 110 D.P.R. 114, 126-129 (1980); <u>Pueblo v. González Malavé</u>, 116 D.P.R. 578, 580-581 (1985).

interés reconocido en el dictamen de la agencia, comparece a las vistas, manifiesta su posición oralmente y por escrito, presenta evidencia y contribuye *constantemente* al proceso. De esa forma, utiliza todos los medios disponibles para proteger su interés, por lo que no considerarlo parte resultaría injusto y arbitrario. Lugo Rodríguez v. Junta de Planificación, supra, pág. 44.

En cuanto al interventor, éste es una parte formalmente reconocida como tal, por lo cual tiene asegurada una participación plena en el procedimiento. Según la sección 3.5 de la LPAU puede solicitar intervención: "[c]ualquier persona que tenga un interés legítimo en un procedimiento adjudicativo ante una agencia, "sometiendo" una solicitud por escrito y *debidamente fundamentada* para que se le permita intervenir o participar en dicho procedimiento". 3 L.P.R.A. sec. 2155 (énfasis suplido). Véase Asociación de Residentes Parque Montebello v. Montebello Development Corporation, supra, pág. 420. De esa forma, una agencia administrativa puede utilizar el mecanismo de la intervención para admitir la participación en un proceso de personas que no fueron incluidas como partes en la acción original, pero que podrían ser afectadas o perjudicadas por el dictamen eventual de la agencia.[6]

---

[6] La regla 21.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, regula el mecanismo de la intervención en los litigios civiles, que permite que una persona interesada en participar en el procedimiento lo pueda hacer presentado una solicitud. Esta regla ha sido interpretada liberalmente, siempre y cuando no se autoricen intervenciones indiscriminadamente. Rivera Ramos v. Morales Blás, supra, pág. 689. Véase además The Chase Manhattan Bank, N.A. v. Nesglo, Inc., 111 D.P.R. 767, 769-770 (1981); Ready Mix Concrete, Inc. v. Ramírez de Arellano & Co., Inc., 110 D.P.R. 869, 872-873 (1981).

Hemos resuelto que el "interés legítimo" que resulta suficiente para autorizar la intervención en un proceso administrativo, es más dilatado que el que se exige en los procesos judiciales para determinar si una persona tiene legitimación activa. Así, hemos reconocido el interés legítimo de un competidor y también la posibilidad de permitir la intervención en el proceso administrativo de una persona opuesta a la concesión de una licencia. San Antonio Maritime v. Puerto Rican Cement Co., Inc., 153 D.P.R. 374, 389-395 (2001). Para ser interventor no se requiere, sin embargo, un interés de naturaleza económica o patrimonial, pues podrían incluso alegarse intereses sociales o ambientales.

Bajo las disposiciones de la LPAU, el interventor se convierte en parte en el procedimiento a partir de la decisión de la agencia aceptando su solicitud. El organismo administrativo tiene discreción para conceder o denegar una solicitud de intervención, pero deberá aplicar los criterios pertinentes "de manera liberal". 3 L.P.R.A. sec. 2155. Sea cual fuere su decisión, la sección 3.6 de la LPAU obliga a la agencia a fundamentar y notificarla por escrito al solicitante informándole del recurso disponible para revisar judicialmente esa determinación. 3 L.P.R.A. sec. 2156. En San Antonio Maritime v. Puerto Rican Cement Co., Inc., supra, pág. 385, resolvimos que cuando no se notifica según lo ordena la ley, la denegatoria de una solicitud de intervención carece de eficacia, y no tiene existencia jurídica oponible a la persona perjudicada. Por otro lado, si la agencia accede a la solicitud de

intervención, también debe notificar a las partes de su decisión. De otra forma, afectaría adversamente la participación plena de éstas en el procedimiento e impediría que la parte contraria ejerza su derecho de solicitar reconsideración o presente recurso de revisión. Municipio de San Juan v. Junta de Calidad Ambiental, 152 D.P.R. 673, 701-705 (2000).

Por último, hemos reiterado la obligación que tienen las agencias de especificar, al certificar su dictamen final, quiénes son las partes propiamente dichas en el procedimiento, para evitar confusiones y permitir una adecuada revisión judicial. En Lugo Rodríguez v. Junta de Planificación, supra, pág. 39, citando a Const. I. Meléndez, S.E. v. A.C., supra, pág. 789, recalcamos que se le debe prestar "particular atención" al dictamen final de la agencia para determinar si un participante realmente es parte en el procedimiento para propósitos de la notificación del recurso de revisión.[7]

III.

Entre las decisiones sobre usos de terrenos que la Junta de Planificación está autorizada a tomar como parte de su ancha encomienda de planificación integral, se encuentran las relacionadas a las solicitudes de consulta de ubicación. Véase Ley Núm. 75 de 24 de junio de 1975, 23 L.P.R.A. secs. 62j (1) & (14). El Reglamento de Zonificación de Puerto Rico define la consulta de

---

[7] En ese caso hicimos referencia al comentario a la Regla 58 del Reglamento del entonces Tribunal de Circuito de Apelaciones que señalaba que: "la notificación del recurso de revisión debe ser hecha a todas las partes así reconocidas en la disposición final administrativa de que se trate." 4 LPRA Ap. XXII-A, R. 58.

*ubicación* como el "procedimiento ante la Junta de Planificación para que evalúe, pase juicio y tome la determinación que estime pertinente sobre propuestos usos de terrenos que no son permitidos ministerialmente mediante la reglamentación aplicable". Sec. 2.01 del Reglamento de Zonificación de Puerto Rico (Reglamento de Planificación Núm. 4 de la Junta de Planificación), Reglamento Núm. 4844, 23 R.P.R. sec. 650.1648 (59). Véase <u>Ocean View at La Parguera, Inc. v. García</u>, supra, pág. 14, 161 D.P.R. ___ (2004); <u>Ortiz y Gómez v. Junta de Planificación</u>, 152 D.P.R. 8, 18 (2000).

El Reglamento para Procedimientos Adjudicativos de la Junta de Planificación (Reglamento de Adjudicación), por su parte, dispone el trámite de las consultas de ubicación, y los criterios que la Junta debe aplicar y los factores que debe considerar al resolverlas. *Véase* Reglamento para Procedimientos Adjudicativos de la Junta de Planificación, Reglamento Núm. 5244, Departamento de Estado, 31 de mayo de 1995, 23 R.P.R. secs. 650.221 a 650.243.[8] El Reglamento de Adjudicación dispone que la Junta celebrará vistas públicas o privadas, a iniciativa propia o a petición de parte o cuando se requiera por ley o reglamento, en las que podrá permitirse la participación de "cualquier persona interesada que solicite expresarse sobre el asunto en consideración". Secciones 7.01 y 8.02 del Reglamento para Procedimientos Adjudicativos de la Junta de Planificación, <u>supra</u>, 23

---

[8] El Reglamento Núm. 5244 de 31 de mayo de 1995 fue derogado y sustituido por el Reglamento Núm. 6031 de 13 de octubre de 1999 de la Junta de Planificación, 23 R.P.R. secs. 650.245 a 650.249. Este Reglamento para los Procedimientos Adjudicativos vigente actualmente no altera lo dispuesto en las secciones del Reglamento anterior que citamos, aplicables al presente caso.

R.P.R. sec. 650.234 & 650.236. Cuando la Junta lo estime necesario, puede solicitar asesoramiento de otros organismos gubernamentales, así como de entidades públicas o privadas. Sección 7.01 del Reglamento para Procedimientos Adjudicativos de la Junta de Planificación, supra, 23 R.P.R. sec. 650.234.

En Rivera Ramos v. Morales Blás, supra, aclaramos que las entidades consultadas por la Junta de Planificación no necesariamente son partes en los procedimientos ante la agencia para efectos del Reglamento Adjudicativo ni de la LPAU. Su participación "consiste más bien en ilustrar a la Junta, en ayudarla a llevar a cabo su función de evaluar las consultas de ubicación y considerar la conveniencia o los perjuicios de los proyectos propuestos". Rivera Ramos v. Morales Blás, supra, pág. 685. La comparecencia de estas entidades consultadas no las convierte de forma automática en partes promoventes, partes promovidas ni interventoras,[9] por lo que la Junta no está obligada a notificarles todas sus resoluciones.

En cuanto a la reconsideración y revisión judicial de las resoluciones que aprueban o deniegan consultas, el Reglamento de Adjudicación ordena que éstas sean notificadas "a las partes *cuyas direcciones obren en el*

---

[9] Cabe mencionar que el Reglamento para Procedimientos Adjudicativos de la Junta de Planificación recoge la definición de "interventor" de la LPAU. Acorde a ello el Reglamento dispone que un interventor es: "[a]quella persona que no sea parte original en cualquier procedimiento adjudicativo que la agencia lleve a cabo y que haya demostrado su capacidad o interés en el procedimiento". Sección 2.00 del Reglamento para Procedimientos Adjudicativos, supra, 23 R.P.R. sec. 650.225(11). Evidentemente, un interventor en un procedimiento ante la Junta de Planificación también debe ser notificado de todas las resoluciones emitidas y recursos presentados, según lo dispone la sección 3.14 de la LPAU, 3 L.P.R.A. sec. 2164.

*expediente* de la consulta". 23 R.P.R. sec. 650.237. No hace distinción alguna entre estas "partes" a base de su grado de participación o interés en el resultado del proceso, ni las califica como "partes" propiamente dichas o meros participantes.

IV.

En su tratado sobre Derecho Administrativo el profesor Demetrio Fernández Quiñones señala que la definición de "parte" en la LPAU: "es clara en lo que respecta a que el promovente o promovido de una acción son partes ... [e]l problema surge en relación con los que puedan reclamar ser partes y no estén ubicados en las categorías de ser promoventes o promovidos". D. Fernández Quiñones, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme, 2da. ed., Colombia, Ed. Forum, 2001, pág. 143.

Empresas no es ni promovente ni promovido en este caso. Por eso, el esquema normativo que hemos explicado nos requiere considerar cuál fue el grado y naturaleza de su participación en el procedimiento administrativo, para precisar si se convirtió en parte en virtud de dicha participación.

Según la Junta de Planificación, Empresas era parte activa en el procedimiento de consulta de ubicación ya que participó en la vista pública y le fueron notificados algunos de los escritos y resoluciones durante el proceso administrativo. Por eso, la Junta argumenta que había que notificar a Empresas del recurso de revisión presentado ante el entonces Tribunal de Circuito de Apelaciones. El foro apelativo estuvo de

acuerdo, apoyándose en las notificaciones a Empresas de las resoluciones emitidas por la Junta. Sin embargo, el hecho de las notificaciones, aunque útil, no es suficiente para llegar a esa conclusión, pues según revela el expediente y aceptan los recurridos, no todas las personas a quienes la Junta notifica de sus resoluciones son partes en sus procedimientos.

En sus alegatos, la Junta de Planificación y el proyectista reconocen que la Junta notificó sus resoluciones a 45 personas, personas jurídicas y entidades, y que no todas ellas deben considerarse "parte" para efectos del procedimiento administrativo. La certificación de las notificaciones emitidas por la Junta de Planificación incluye a Empresas bajo el acápite correspondiente a "Personas que Asistieron a Vista Pública", una lista de nombres y direcciones que se toma directamente del registro de asistencia a la audiencia pública celebrada. Dicho registro no garantiza que la Junta de Planificación notificará todos sus acuerdos a todas las personas cuyos nombres constan en esta lista de asistencia. Tampoco convierte esta notificación voluntariamente asumida en un requisito jurisdiccional. Claramente Empresas recibió las copias así notificadas *como cortesía*, por haber asistido a la vista pública. Según resolvimos en <u>Ocean View at La Parguera, Inc. v. García</u>, supra, pág. 12, el envío a determinada persona de una copia de cortesía de un escrito presentado ante una agencia no convierte a quien lo recibe en "parte" para efectos de la notificación requerida por la LPAU. Lo mismo sucede con las copias

que la Junta de Planificación envía a los que firman el registro de asistencia a una vista.

Por su parte, la Asociación peticionaria fundamenta su proceder en que la Junta había determinado no admitir a Empresas como parte interventora. No hay duda que la denegatoria de la intervención, si se hubiese notificado y convertido en final y firme, dispondría de entrada de esta controversia.[10] Como ese no fue el caso, el análisis debe centrarse, como hemos explicado, en la naturaleza de la participación de Empresas en el proceso.

Empresas no asistió a la primera vista pública convocada en este caso y en la segunda vista se limitó a presentar algunos planteamientos de derecho. No sometió una ponencia escrita. Incluso, según revelan los autos, al firmar el registro de asistencia a dicha vista la abogada de Empresas indicó que no iba a deponer, lo cual denota que a su representada no le interesaba una participación plena en el procedimiento. No hay duda que la comparecencia de Empresas fue limitada, no "activa" como alega la parte recurrida. Tampoco podemos derivar de su solicitud de intervención posterior el "ulterior interés" o "plena participación" que hemos identificado como signos de participación activa, pues el expediente confirma que cuando Empresas solicitó formalmente intervenir en el proceso, se limitó a repetir en su escrito lo que ya había expresado en la vista. Por eso, como resolvió la Junta al denegar la solicitud, Empresas

---

[10] En el caso de autos, Empresas Puertorriqueñas no ha acudido al foro judicial a alegar derecho alguno respecto a la resolución denegando su solicitud de intervención.

no adujo un fundamento válido que justificara autorizar su intervención como parte en el procedimiento.[11]

Según indicamos anteriormente, la persona que se limita a comparecer a la audiencia pública, incluso cuando declara brevemente en la misma, es un mero participante y no necesariamente es parte para efectos del procedimiento administrativo. Esto es más claro aún en los procedimientos de consulta de ubicación, a los que pueden comparecer todas las personas interesadas en expresarse sobre las propuestas. En Lugo Rodríguez v. Junta de Planificación, supra, pág. 42, explicamos que "no todo aquel [sic] que provee información relacionada con la consulta de ubicación automáticamente pasa a ser 'parte' en el proceso", y en Rivera Ramos v. Morales Blas, supra, pág. 685, resolvimos que el solo hecho de que una persona participe en una vista o sea consultada por la Junta de Planificación durante la consideración de una consulta de ubicación, no es suficiente para concluir que se le tienen que notificar los escritos como si se tratase de una "parte". Por lo tanto, no podemos aceptar que la comparecencia y breve exposición de Empresas la haya convertido, de suyo, "en parte activa" en el procedimiento. Por el contrario, concluimos que el rol fugaz que Empresas desempeñó en el procedimiento no le confirió el carácter de "parte" para propósitos de la LPAU.[12] Por eso, la ausencia de

---

[11] En lo pertinente, la Junta resolvió **"que la solicitud de intervención no está debidamente fundamentada conforme lo requiere la Sección 3.5 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico"**.

[12] Llama la atención que la Junta de Planificación llegara a idéntica conclusión al denegar la solicitud de intervención de Empresas Puertorriqueñas y ahora, en la etapa apelativa, obvie su propio criterio para oponer la

notificación a Empresas no privó al tribunal apelativo

de jurisdicción.


                                    Liana Fiol Matta
                                    Jueza Asociada

---

participación    supuesta    de    esta   "parte"   en   el
procedimiento, para impedir la revisión judicial de su
decisión.