ODETTE OLMEDA DÍAZ, demandante y peticionaria, *v.* DEPARTAMENTO DE JUSTICIA, demandado y recurrido.

*Número:* CC-97-48          *Resuelto:* 27 de junio de 1997

*José M. Ramírez Hernández*, abogado de la peticionaria; *Edda Serrano Blasini, Subprocuradora General*, y *Carmen A. Riera Cintrón, Procuradora General Auxiliar*, abogadas del recurrido.

PER CURIAM: La peticionaria Odette Olmeda Díaz solicita que revoquemos una resolución del Tribunal de Circuito de Apelaciones, Circuito Regional VI, que desestimó un recurso de revisión por falta de jurisdicción, toda vez que no

se notificó la presentación del recurso a la Junta de Apelaciones del Sistema de Administración de Personal (en adelante la J.A.S.A.P.). A tenor de lo dispuesto en la Sec. 4.2 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, 3 L.P.R.A. sec. 2172, confirmamos el dictamen recurrido.

I

Odette Olmeda Díaz fue separada de su puesto de Agente Especial II en el Negociado de Investigaciones Especiales por el Departamento de Justicia, luego de celebrar una vista informal. La peticionaria apeló ante la J.A.S.A.P., la cual, por su parte, sostuvo la acción tomada por el Departamento de Justicia.

Inconforme con dicho dictamen, Olmeda presentó un recurso de revisión ante el Tribunal de Circuito de Apelaciones. Dicho foro desestimó el recurso toda vez que la peticionaria no lo notificó a la J.A.S.A.P., en conformidad con la Sec. 4.2 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, Ley Núm. 170 de 12 de agosto de 1988, según enmendada, *supra*. Solicitada la reconsideración, ésta fue denegada.

*Oportunamente*, Olmeda Díaz acudió ante nos y alegó como único error que el Tribunal de Circuito de Apelaciones incidió al denegar el recurso por falta de jurisdicción. En su petición sostiene que el recurso de revisión fue notificado a la agencia recurrida, el Departamento de Justicia, dentro del plazo dispuesto. Sostiene que el departamento era la única otra parte en el caso y que la J.A.S.A.P. era el organismo administrativo apelativo de cuya decisión se recurría y no era la agencia recurrida.

Examinada la petición de *certiorari* y la comparecencia del Procurador General, concluimos que el Tribunal de Circuito de Apelaciones interpretó correctamente la Ley de Procedimiento Administrativo Uniforme del Estado Libre

Asociado de Puerto Rico. Sin embargo, en vista de la frecuencia con que se está presentando ante nos recursos con la misma controversia, hemos decidido aclarar la norma procesal que se debe seguir en los recursos de revisión administrativa.

## II

La Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sec. 2101 *et seq.*, dispuso expresamente el trámite apelativo que regiría la revisión de las decisiones de las agencias incluidas. Con excepción de las entidades, funciones y actividades expresamente excluidas, la ley aplica a todos los procedimientos administrativos ante todas las agencias. Para asegurar que la mayor parte del Gobierno de Puerto Rico estuviese cubierto, la Sec. 1.3(a) de la ley define *agencia* en su dimensión más abarcadora:

> (a) "Agencia" significa cualquier *junta*, cuerpo, tribunal examinador, corporación pública, comisión, oficina independiente, división, administración, negociado, departamento, autoridad, funcionario, persona, entidad o cualquier instrumentalidad del Estado Libre Asociado de Puerto Rico u *organismo administrativo* autorizado por ley a llevar a cabo funciones de reglamentar, investigar, *o que pueda emitir una decisión*, o con facultad para expedir licencias, certificados, permisos, concesiones, acreditaciones, privilegios, franquicias, acusar o *adjudicar* .... (Énfasis suplido.) 3 L.P.R.A. sec. 2102(a).

La Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico dispuso un trámite apelativo en los casos en que las decisiones de la agencia debían o podrían ser revisadas por el Tribunal Superior. Recientemente la Ley de la Judicatura de Puerto Rico de 1994 y sus enmiendas de 1995 modificaron este esquema para disponer que el Tribunal de Circuito de Ape-

laciones tenía competencia para revisar "las decisiones, órdenes y resoluciones de cualquier agencia administrativa de acuerdo con los términos y condiciones establecidos por la [Ley de Procedimiento Administrativo Uniforme]". Ley Núm. 248 de 25 de diciembre de 1995, Leyes de Puerto Rico, pág. 1469.

Como parte de los cambios introducidos en 1995 para reformar el sistema judicial, se enmendó la Sec. 4.1 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, 3 L.P.R.A. sec. 2171, para atemperarla a los cambios en el esquema apelativo. El Art. 6 de la Ley Núm. 247 de 25 de diciembre de 1995 (3 L.P.R.A. sec. 2172) específicamente enmendó el trámite apelativo y dispuso lo siguiente:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 3.15 de est[a Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico], cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. *La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión.* La notificación podrá hacerse por correo.
>
> En los casos de impugnación de subasta, la parte adversamente afectada por una orden o resolución final de la agencia, o de la entidad apelativa de subastas, según sea el caso, podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones dentro de un término de diez (10) días contados a partir del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o la entidad apelativa, o dentro de los diez (10) días de haber transcurrido el plazo dispuesto por la sec. 3.19. La mera presentación de una solicitud de revisión al amparo de esta sección no tendrá el efecto de paralizar la adjudicación de la subasta impugnada.

La competencia sobre el recurso de revisión será del Circuito Regional correspondiente al lugar donde se planee, se esté llevando o se haya llevado a cabo la actividad o incidente que hubiera dado lugar a la controversia. Si la actividad o incidente se está llevando a cabo, o hubiere ocurrido en más de una región judicial, se podrá presentar el recurso de revisión en cualquiera de los Circuitos correspondientes a tales regiones. (Énfasis suplido.) 3 L.P.R.A. sec. 2172.

■   Esta disposición establece que una parte adversamente afectada por una decisión de una agencia o un organismo apelativo puede solicitar al Tribunal de Circuito de Apelaciones que revise la decisión dentro de un término de treinta (30) días. También dispone que la presentación de la solicitud de revisión tiene que notificarse a todas las partes y a la agencia.

■   De la citada Sec. 4.1 se desprende con claridad que lo que se revisará judicialmente es la decisión de la agencia que finalmente adjudica la controversia entre las partes. En los casos de los organismos apelativos administrativos, la agencia a la cual se refiere el estatuto es la entidad apelativa que finalmente resuelve el caso y de cuya revisión se recurre al foro judicial.

Por ende, la notificación de la presentación de la solicitud de revisión tiene que hacerse tanto a la agencia recurrida como a las partes en el foro administrativo. Cuando una de las partes en el foro apelativo administrativo es otra agencia de gobierno se le tiene que notificar la presentación de la solicitud de revisión en calidad de parte.

■   En el caso particular de autos, la J.A.S.A.P. es un organismo administrativo apelativo con amplios poderes de adjudicación de las controversias en materias de personal del servicio público. Su función consiste en decidir una controversia fáctica entre partes, que de ordinario son un empleado público y una agencia gubernamental.

■   Una parte afectada adversamente por una determinación de la J.A.S.A.P. a favor de la agencia nominadora puede solicitar la revisión judicial de la decisión ante el

Tribunal de Circuito de Apelaciones. En ese caso, la J.A.S.A.P. es la agencia recurrida. A su vez, la agencia nominadora, en este caso el Departamento de Justicia, es la parte recurrida.

Por lo tanto, a tenor de la Sec. 4.2 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, *supra*, tanto la J.A.S.A.P. como agencia recurrida, como el Departamento de Justicia, parte recurrida, tenían que ser notificados de la presentación de la solicitud de revisión judicial.

Es claro que el Tribunal de Circuito de Apelaciones, Circuito Regional VI, correctamente desestimó el recurso presentado en este caso por la falta de notificación a la agencia recurrida, la J.A.S.A.P., dentro del plazo dispuesto por el estatuto. El foro apelativo no tenía jurisdicción para revisar la determinación de la J.A.S.A.P. Véase *Méndez v. Corp. Quintas San Luis*, 127 D.P.R. 635, 637 (1991). *Se confirma su dictamen.*

*Se dictará la sentencia correspondiente.*

El Juez Asociado Señor Fuster Berlingeri emitió una opinión disidente, a la cual se une el Juez Presidente Señor Andréu García. El Juez Asociado Señor Rebollo López disintió sin opinión escrita.

— O —

Opinión disidente emitida por el Juez Asociado Señor Fuster Berlingeri, a la cual se une el Juez Presidente Señor Andréu García.

I

En el caso de autos, el Tribunal de Circuito de Apelaciones interpretó que según la Sec. 4.2 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Aso-

ciado de Puerto Rico (en adelante la L.P.A.U.), 3 L.P.R.A. sec. 2172, en casos en los cuales una instrumentalidad gubernamental tome una acción adversa a un empleado suyo, que sea revisada luego por la Junta de Apelaciones del Sistema de Administración de Personal (en adelante la J.A.S.A.P.), la parte afectada que entonces solicita revisión judicial, tendrá que notificar tal solicitud tanto a la instrumentalidad gubernamental que tomó la acción adversa como a la J.A.S.A.P. Además, la falta de la notificación a la J.A.S.A.P. constituye un defecto *jurisdiccional*.

El 21 de febrero de 1997, le concedimos un término a la parte recurrida para mostrar causa, si alguna tuviere, por la cual no debíamos revocar el dictamen aludido del foro apelativo. Intimamos así nuestro juicio inicial de que la interpretación que le había dado el Tribunal de Circuito de Apelaciones a la Sec. 4.2 de la L.P.A.U., *supra*, no era correcta.

Ello, no obstante, la mayoría de este Tribunal ahora resuelve que la interpretación aludida del foro apelativo es correcta. Por las razones que explico más adelante, disiento.

## II

De su faz, la disposición de la L.P.A.U. que nos concierne aquí es sumamente clara. Indica expresamente que "la parte adversamente afectada por una orden o resolución final de una agencia", que luego procura la revisión judicial de tal orden o resolución, "notificará la presentación de la solicitud de revisión a la agencia y a todas las partes". 3 L.P.R.A. sec. 2172.

De los términos claros y sencillos de la propia Sec. 4.2 de la L.P.A.U., *supra*, surge libre de toda ambigüedad que la "agencia" que debe ser notificada es aquella que emitió la orden o resolución final que le es adversa a una parte, cuya

revisión se interesa. En la mayor parte de los casos, no existe problema alguno con respecto a identificar cuál es la agencia que debe notificarse. Las situaciones más comunes son dos: (1) aquella en la cual una parte se querella ante la agencia por razón de la conducta de otra parte, y (2) cuando una parte interesa algún permiso o autorización de la agencia que otra parte objeta. En estos casos existen partes adversas respecto a algún asunto, y la agencia es el foro primario que adjudica tal controversia entre las partes. La que resulta adversamente afectada por la decisión de esa agencia, y que interesa su revisión, tiene que notificar la solicitud de revisión no sólo a la otra parte, sino también a la agencia recurrida.

Ahora bien, ¿qué sucede cuando, en casos como el de autos, una agencia toma una decisión adversa contra un empleado suyo, y antes de la revisión judicial de tal decisión, otro organismo administrativo interviene y confirma la decisión adversa de la agencia? ¿Cuál es entonces la "agencia" que debe notificarse: la agencia que tomó la decisión adversa o el organismo administrativo que la confirmó? Es decir, ¿cómo se aplica la citada Sec. 4.2 de la L.P.A.U. en casos donde la "agencia" que toma la decisión adversa a una parte es, a su vez, la otra parte en el pleito?

Para intentar contestar la interrogante anterior, debe notarse que la Sec. 4.2 aludida también dispone que la parte adversamente afectada por la decisión de la agencia, antes de interponer la revisión judicial de tal decisión deberá haber "agotado todos los remedios provistos por la agencia *o por el organismo administrativo correspondiente*". (Énfasis suplido.) Se requiere así que la parte afectada agote los remedios administrativos existentes, antes de que pueda procurar la revisión judicial de la decisión adversa de la agencia.

Cuando se leen *contextualmente* las disposiciones aludidas de la Sec. 4.2, *supra*, parecería que aun en casos como el de autos, la agencia que debe ser notificada de la solici-

tud de revisión judicial es la agencia que tomó la decisión contra su empleado. Nótese que en el mismo párrafo de la Sec. 4.2 de la L.P.A.U., *supra*, en el cual se dispone que se notificará la solicitud de revisión judicial "a la agencia", el denominativo "agencia" se usa antes únicamente para significar la "agencia" que tomó la decisión adversa. En dicho párrafo, tal "agencia" se distingue con claridad del proceso administrativo posterior que debe agotarse para que la decisión de la "agencia" sea revisable judicialmente. Se identifica, pues, la "agencia" a la que habrá de notificarse con la "agencia" que tomó la decisión adversa, y se separa literalmente tal "agencia" de los remedios administrativos posteriores que deben agotarse, previo a la revisión judicial. Tan clara es la distinción que se hace entre una cosa y la otra, que se usa el término "organismo administrativo correspondiente" para designar la entidad a la cual hay que acudir para agotar los remedios administrativos, cuando no existen dentro de la propia agencia, y así distinguirla de la "agencia" que toma la decisión adversa, que es la misma "agencia" que debe notificarse.

A base de una interpretación literal y contextual de los términos de la Sec. 4.2 de la L.P.A.U, *supra*, pues, habría que decir que en casos como el de autos la agencia a la que dese notificarse es la que tomó la acción de despedir al promovente de la revisión judicial, porque la J.A.S.A.P. aquí no es la "agencia" a que se refiere la referida Sec. 4.2, sino el "organismo administrativo" ante el cual se agotan los remedios administrativos con respecto a la decisión de la agencia. Cuando menos, es evidente que el requisito de notificación no surge claramente para organismos como la J.A.S.A.P., en casos cuando la "agencia" es parte del pleito, por haber decidido adversamente contra un empleado suyo.

## III

La notificación a organismos administrativos como la J.A.S.A.P. —en casos como el de autos— no está claramente dispuesta en la Sec. 4.2 de la L.P.A.U., *supra,* según se ha indicado antes. Pero, aun asumiendo que la notificación aludida incluye a organismos administrativos apelativos como la J.A.S.A.P., es altamente cuestionable que tal notificación sea de carácter *jurisdiccional.*

Son evidentes las graves consecuencias que apareja determinar que algún requisito procesal es de carácter jurisdiccional. Significa, como se sabe, que el incumplimiento con los términos estrictos de tal requisito priva absolutamente de autoridad al foro en cuestión para entender en el asunto correspondiente. Significa también que la parte que no cumplió taxativamente con el riguroso requisito pierde el derecho a ser escuchada para dilucidar sus reclamaciones ante el foro en cuestión. Estas consecuencias drásticas y extremas no pueden imponerse por meras razones de conveniencias procesales ni por puro fíat judicial. Para que algún requisito procesal tenga carácter jurisdiccional deben existir importantes razones de interés público que lo justifique, y ello tiene que haber sido establecido claramente por el Poder Legislativo. *Junta de Dir. Cond. Montebello v. Fernández,* 136 D.P.R. 223 (1994).

En relación con la notificación que aquí nos concierne, no existen razones suficientes que justifiquen atribuirle carácter jurisdiccional a tal notificación. La notificación aludida no es a una *parte* en el pleito, es meramente al foro que adjudicó una controversia entre las partes. Como el foro administrativo que adjudicó la controversia no es parte en dicho pleito, éste no tiene capacidad para acudir en alzada ante el tribunal apelativo; es decir, no le corresponde comparecer al proceso de revisión judicial a defender su decisión. Ello le compete a la parte interesada. *Murphy*

*Bernabe v. Tribunal Superior*, 103 D.P.R. 692 (1975). Véase, además, *Carrero v. Depto. de Educación*, 141 D.P.R. 830 (1996). El caso en que descansa la opinión mayoritaria, como autoridad para sostener que la notificación aludida es de carácter jurisdiccional, *Méndez v. Corp. Quintas San Luis*, 127 D.P.R. 635 (1991), se refiere exclusivamente a la notificación que hay que hacerle a una *parte* en el procedimiento apelativo. Nada tiene que ver esa decisión con la notificación al *foro* apelativo administrativo que dilucidó el asunto sustantivo en segunda instancia.

Como el organismo apelativo administrativo al que debe notificarse no es parte en la controversia, ¿qué propósito se logra con tal notificación? Obsérvese que no se trata del tipo de notificación que va dirigida a paralizar los procedimientos en el organismo administrativo apelativo. Como se sabe, actualmente la paralización de tales procedimientos, que es necesaria para que la revisión judicial no sea un ejercicio académico, no dimana de la *presentación* de la solicitud de revisión judicial, sino de la *expedición* del recurso de revisión judicial. Es tal expedición del recurso, no la solicitud de éste, la que es efectiva para paralizar los procedimientos, y la que evidentemente tiene que constar claramente y ser bien conocida por el organismo administrativo recurrido. Regla 61 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A.

En vista de que el organismo administrativo apelativo no es parte en el proceso de revisión judicial, y que la paralización de los procedimientos ante ese organismo dimana de la notificación de la expedición del recurso de revisión judicial y no de la solicitud de revisión judicial, de nuevo, ¿qué propósito persigue la notificación de tal solicitud al organismo administrativo recurrido? La respuesta a esta interrogante es, sencillamente, que no hay ningún propósito jurídico importante que informe tal notificación. En la situación que nos concierne, la notificación en cues-

tión es, en la actualidad, esencialmente una *formalidad* dirigida meramente a poner en conocimiento del organismo administrativo recurrido el hecho de que la parte afectada ha, en efecto, solicitado la revisión de su dictamen. No tiene consecuencias jurídicas o prácticas alguna. ¿Cómo es posible entonces que se le atribuya carácter jurisdiccional a tal notificación?

Al ponderar lo señalado antes, debe tenerse en cuenta que hasta muy reciente la notificación de la solicitud de revisión en situaciones análogas o similares a la que aquí nos concierne, no se le exigía a la parte recurrente, sino que era meramente un trámite administrativo que realizaba la propia Secretaría del Tribunal al cual se acudía para la revisión. Tal era el caso, por ejemplo, con respecto a los recursos de revisión y de certificación que se presentaban ante este Tribunal, en cuanto a dictámenes del Tribunal Superior, bajo la Regla 53.1 de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. III.

También debe tenerse en cuenta que en la actualidad, aún en las instancias en las cuales se le impone a la parte recurrente notificar al foro recurrido del escrito de revisión judicial presentado por dicha parte, tal notificación es sólo de *cumplimiento estricto*, no de carácter jurisdiccional. Tal es el caso de los recursos de apelación, *certiorari* y certificación que se presentan ante nos, provenientes del Tribunal de Circuito de Apelaciones. En estos tres recursos, su notificación al foro recurrido es sólo de cumplimiento estricto, no jurisdiccional. Igualmente, en el caso de las solicitudes de *certiorari* y los escritos de apelación que se presentan ante el propio Tribunal de Circuito de Apelaciones, provenientes del Tribunal de Primera Instancia, la notificación de tal recurso es sólo de cumplimiento estricto.

Debe resaltarse que hasta en el caso de todas las *apelaciones* judiciales, que por su naturaleza implican materias de la mayor jerarquía jurídica, por lo que el recurso para acudir en alzada no es de carácter discrecional sino que

constituye un derecho de la parte afectada por el dictamen a quo, la notificación del escrito de apelación no es de carácter jurisdiccional, sino sólo de cumplimiento estricto. ¿Cómo entonces puede considerarse que en el caso del recurso de revisión, la notificación sea de índole jurisdiccional?

Ni la L.P.A.U. ni la ley que concede jurisdicción al Tribunal de Circuito de Apelaciones sobre la revisión de las decisiones de agencias administrativas, disponen expresamente que la notificación de la solicitud de revisión judicial a la agencia que tomó la decisión recurrida es de carácter jurisdiccional. Por las razones señaladas en este acápite, no debemos presumir que tiene tal carácter. Hacerlo nosotros crearía una clara anomalía con graves consecuencias procesales.

## IV

Finalmente, en vista de los señalamientos contenidos en las partes II y III de esta opinión, sería injusto denegar el recurso presentado por la peticionaria en el caso de autos. No debe ella sufrir la grave sanción de que se desestime su recurso, cuando no existía previamente una clara obligación de notificar dicho recurso a la J.A.S.A.P. Tal obligación se establece palmariamente por primera vez en este caso, y no es justo castigar a la peticionaria por incumplir con una obligación que ella desconocía. Como la mayoría resuelve de otro modo, disiento.