ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| ERIC J. BURGOS ROSADO<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE EDUCACIÓN<br><br>Recurrido | KLRA202400173 | *RECURSO DE REVISIÓN* procedente del Departamento de Educación<br><br>Caso núm.: OASE-2021-00013<br><br>Sobre: Impugnación de Nombramientos |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de mayo de 2024.

El 4 de abril de 2024, el señor Eric J. Burgos Rosado (Sr. Burgos Rosado), por conducto de su representación legal, instó el recurso de revisión judicial de epígrafe. Solicita que revoquemos una *Resolución Sumaria y Orden* emitida y notificada el 30 de enero de 2024, por la Oficina de Apelaciones del Sistema de Educación del Gobierno de Puerto Rico, que decretó la desestimación con perjuicio y el cierre y archivo del caso de epígrafe. La moción de reconsideración del Sr. Burgos Rosado fue denegada por la agencia mediante resolución y orden emitida y notificada el 5 de marzo de 2024.

En su escrito de revisión judicial, el Sr. Rosado Burgos certifica haber notificado la presentación del recurso al Departamento de Educación, por conducto del Lcdo. Hiram Carlo Rivera López, a su dirección de correo electrónico hiramcarlo@hotmail.com; así también a la OASE, por conducto del Lcdo. Mario F. González Amador a la siguiente dirección mgonzalez@gomlawoffices.com.

Número Identificador
SEN2024_____

Sin embargo, de la certificación de notificación de la presentación del recurso no surge el Sr. Rosado Burgos hubiera notificado su presentación a la Oficina del Procurador General de Puerto Rico. Ante tales circunstancias, nos vemos obligados a desestimar el recurso por falta de jurisdicción.

**I.**

**A.**

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.[1] Por esa razón, lo primero que se debe considerar en toda situación jurídica presentada ante un foro adjudicativo, es el aspecto jurisdiccional.[2] Cónsono con ello, los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. Esto debido a que el foro judicial está obligado a auscultar el cumplimiento de los requisitos jurisdiccionales que la ley establece, antes de considerar los méritos de una controversia.[3]

Así, el Tribunal Supremo ha reafirmado que los entes adjudicativos tienen que ser guardianes celosos de su jurisdicción y no poseen discreción para asumirla si no existe. Consecuentemente, cuando un tribunal carece de jurisdicción, está obligado a desestimar el recurso.[4] Por esa razón, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, nos autoriza a desestimar un recurso cuando carecemos de jurisdicción para atenderlo.

Por otro lado, el Tribunal Supremo ha manifestado que las partes tienen la responsabilidad de observar rigurosamente las

---

[1] *FCPR v. ELA et al.,* 211 DPR 521, 529 (2023); *Cobra Acquisitions v. Mun. de Yabucoa et al.,* 210 DPR 384, 394 (2022); *Pueblo v. Rivera Ortiz,* 209 DPR 402, 414 (2022); *Beltrán Cintrón et al. v. ELA et al,* 204 DPR 89, 101 (2020).
[2] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 499-500 (2019).
[3] *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268 (2018).
[4] *Torres Alvarado v. Madera Atiles,* supra, pág. 501; *Ruiz Camilo v. Trafon Group, Inc.,* supra, pág. 269; *Rivera Marcucci v. Suiza Dairy Inc.,* 196 DPR 157, 165 (2016).

normas sobre el perfeccionamiento de los recursos apelativos y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados.[5] Ello, ante la necesidad de colocar a los tribunales apelativos "en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tiene ante sí".[6] Por ello, ha puntualizado que el hecho de que las partes litigantes comparezcan por derecho propio, por sí solo, no justifica que ellas incumplan con las reglas procesales. Ello cobra mayor importancia en el caso de aquellas normas que establecen términos jurisdiccionales o de cumplimiento estricto.[7]

Con relación a los términos de cumplimiento estricto, el Tribunal Supremo ha expresado que, los foros adjudicativos no tienen discreción para prorrogar tales términos automáticamente.[8] Los tribunales solamente tienen discreción para prorrogar tales términos cuando se demuestra que la dilación se debió a justa causa.[9] La acreditación de la justa causa se cumple con explicaciones concretas y particulares, debidamente evidenciadas.[10] El que no se cause perjuicio a la otra parte no es determinante para la acreditación de la justa causa.[11] Así pues, en ausencia de demostración de justa causa, carecemos de discreción para prorrogar el término de cumplimiento estricto y acoger el recurso ante nuestra consideración.[12]

De hecho, el Tribunal Supremo ha expresado que, de no observarse las disposiciones reglamentarias, nuestro ordenamiento

---

[5] *Isleta v. Inversiones Isleta Marina,* 203 DPR 585, 590 (2019); *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013).
[6] *Soto Pino v. Uno Radio Group,* supra.
[7] *Febles v. Romar,* 159 DPR 714, 722 (2003).
[8] *Rosario Domínguez et als. v. ELA et al,* 198 DPR 197, 210 (2017); *Rojas v. Axtmayer Ent., Inc.,* 150 DPR 560, 564 (2000).
[9] *Íd.*; *Rivera Marcucci v. Suiza Dairy Inc.*, supra, pág. 171; *Toro Rivera et als. v. ELA et al.,* 194 DPR 393, 414-415 (2015).
[10] *Rosario Domínguez et als. v. ELA et al,* supra; *Rojas v. Axtmayer Ent., Inc.,* supra, pág. 565.
[11] *Rosario Domínguez et als. v. ELA et al,* pág. 211.
[12] *Soto Pino v. Uno Radio Group,* supra, pág. 93; *Rojas v. Axtmayer Ent., Inc.,* supra, pág. 564.

autoriza la desestimación del recurso.[13] Sin embargo, ante la severidad de esta sanción, el Tribunal Supremo exige que nos aseguremos de que el incumplimiento con las disposiciones reglamentarias aplicables haya provocado un impedimento real y meritorio para que podamos considerar el caso en los méritos.[14] Así pues, las disposiciones reglamentarias deben interpretarse de forma que propicien un sistema de justicia accesible a la ciudadanía, que las controversias se atiendan en los méritos y que se reduzca el número de recursos desestimados por defectos de forma o notificación y que no afecten los derechos de las partes.[15]

**B.**

En lo relativo a los recursos de revisión de decisiones administrativas, la Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico de 2017 (LPAU), 3 LPRA sec. 9672, establece que una parte afectada por una orden o resolución final de una agencia, podrá presentar una solicitud de revisión judicial ante este Tribunal de Apelaciones dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable para cuando el término para solicitar revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

La citada regla exige que, al recurrir a este foro apelativo, "[l]a parte notifi[que] la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión". *Íd.* De conformidad con la Regla 57 del Reglamento del

---

[13] *Pueblo v. Rivera Toro*, 173 DPR 137, 145 (2008).
[14] *Román et als. v. Román et als.*, 158 DPR 163, 167 (2002).
[15] *Isleta v. Inversiones Isleta Marina.*, supra, pág. 590.

Tribunal de Apelaciones, el término para presentar el recurso de revisión es jurisdiccional. 4 LPRA Ap. XXII-B, R. 58 (B) (1).

No obstante, a diferencia del término para presentar el recurso de revisión, la Regla 58 (B) (1) del Reglamento del Tribunal de Apelaciones, *infra,* establece que el término para notificar a la otra parte es de cumplimiento estricto. Al efecto, dispone que: "[l]a parte recurrente notificará el escrito de revisión debidamente sellado con la fecha y hora de su presentación a los abogados(as) de récord del trámite administrativo o, en su defecto, a las partes, así como a la agencia o al funcionario(a) administrativo(a) de cuyo dictamen se recurre, dentro del término para presentar el recurso, siendo éste un término de cumplimiento estricto". 4 LPRA Ap. XXII-B, R. 58 (B) (1).

Al respecto, el Tribunal Supremo ha aclarado que, cuando una de las partes en el foro administrativo intermedio es una agencia de gobierno se le tiene que notificar la presentación del recurso de revisión en calidad de parte. *Olmeda Díaz v. Depto. de Justicia,* 143 DPR 596, 601 (1997), seguido en *Rafael Rosario & Assoc. v. Depto. Familia,* 157 DPR 306, 331 (2002). El incumplimiento con esta norma de notificación priva a este Tribunal de jurisdicción para revisar la determinación de la agencia administrativa y conlleva la desestimación del recurso presentado. *Olmeda Díaz v. Depto. de Justicia,* supra, pág. 602; *Montañez v. Policía de Puerto Rico,* 150 DPR 917, 920 (2000).

## C.

De conformidad con el Artículo IV, Sección 6 de la Constitución del Estado Libre Asociado de Puerto Rico, "[s]in perjuicio de la facultad de la Asamblea Legislativa para crear, reorganizar y consolidar departamentos ejecutivos de gobierno, y para definir sus funciones, se establecen los siguientes: de Estado, de Justicia, de **Educación**, de Salud, de Hacienda, de Trabajo, de

Agricultura, de Comercio y de Obras Públicas. Cada departamento ejecutivo estará a cargo de un Secretario de Gobierno". LPRA, Tomo 1.

En *Rivera Maldonado v. E.L.A.,* 119 DPR 74, 82 ((1987), el Tribunal Supremo sostuvo que, como regla general, un departamento ejecutivo no tiene personalidad jurídica distinta y separada del ELA, salvo que se le delegue por mandato legislativo.

La Ley de Reforma Educativa de Puerto Rico, Ley Núm. 85-2018, 3 LPRA sec. 9801, *et seq.,* no contiene disposición alguna a los efectos de que al Departamento de Educación sea un ente con personalidad jurídica independiente del Estado Libre Asociado de Puerto Rico (ELA), ni le confiere capacidad para demandar y ser demandado. Por tanto, el Departamento de Educación es una agencia de gobierno que carece de personalidad jurídica para representarse por sí misma.

En vista de lo anterior, el Secretario de Justicia es su representante legal en las demandas y procesos civiles, criminales, administrativos y especiales en que sea parte y que sean instados en los tribunales u otros foros en o fuera de la jurisdicción de Puerto Rico. El Secretario de Justicia puede ejercer dicha representación personalmente o por medio de los abogados, fiscales y procuradores o por medio del Procurador General. Artículo a de la Ley Orgánica del Departamento de Justicia, Ley Núm. 205-2004, 3 LPRA sec. 292a (1).

A tenor con el Artículo 60 (a) de la Ley Núm. 205-2004, el Procurador General representa al ELA en todos los asuntos civiles y criminales en que éste sea parte o esté interesado y que se tramiten en grado de apelación o en cualquier otra forma ante los tribunales apelativos de Puerto Rico, de los Estados Unidos, o de cualquier otro estado federado, territorio, posesión de los Estados Unidos de

América, excepto en los casos en los cuales el Secretario de Justicia determine otra cosa. 3 LPRA sec. 294*l* (a).

Por ello, es un requisito indispensable que se notifique a la Oficina del Procurador General la presentación de los recursos que se radiquen ante el Tribunal de Apelaciones en los que el Departamento de Educación - o cualquier agencia que carezca de personalidad jurídica independiente del ELA - sea parte.

Resulta pertinente señalar, además, que el requisito de notificación no constituye una mera formalidad procesal, sino que son parte integral del debido proceso de ley.[16]

**II.**

No existe controversia sobre el hecho de que el Sr. Burgos Rosado presentó su recurso dentro del término jurisdiccional de treinta (30) días establecido para ello.

Ahora bien, surge del texto de la Regla 58 (B) (1) del Reglamento del Tribunal de Apelaciones, *supra*, que el Sr. Burgos Rosado también tenía la obligación de notificar el escrito de revisión a todas las partes, incluyendo la agencia de cuya resolución se recurre, dentro del término para presentarlo. Por tanto, era su deber notificar la copia del recurso de revisión al Departamento de Educación. Como se ha dicho, éste es un departamento ejecutivo del gobierno que carece de personalidad jurídica para representarse por sí mismo. Por ello, es un requisito indispensable que el Sr. Burgos Rosado notificara la presentación de su recurso al ELA, a través de la Oficina del Procurador General.

En su recurso, el Sr. Burgos Rosado certificó haber notificado la presentación del recurso directamente al Departamento de Educación, pero no así a la Oficina del Procurador General. Específicamente, las disposiciones legales reseñadas exigen que en

---

[16] *Montañez Leduc v. Robinson Santana,* 198 DPR 543, 551 (2017).

aquellos recursos en los que un departamento ejecutivo del gobierno que carezca de personalidad jurídica independiente del ELA fuere parte, se notifique su presentación al ELA, a través de la Oficina del Procurador General, dentro del término para presentarlo. El término dispuesto para notificar la presentación es de cumplimiento estricto. Por tanto, sólo puede extenderse en aquellas instancias en que la parte haya demostrado justa causa.

Ante el hecho de que del propio recurso no surge que se hubiese notificado la presentación del recurso al ELA, y que, desde la fecha de presentación del recurso (4 de abril de 2024) al presente, el Sr. Burgos Rosado no ha presentado justificación que valide su incumplimiento con tal requisito de notificación, concluimos que éste incumplió con la Regla 58(B)(1) de nuestro Reglamento, *supra.* La inobservancia de esta norma de notificación priva a este Tribunal de jurisdicción para revisar la determinación de la agencia administrativa y conlleva la desestimación del recurso presentado

**III.**

En virtud de lo anterior, desestimamos el recurso por falta de jurisdicción.

**Notifíquese.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones