ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| CENTROVISIÓN OPTICAL GROUP, INC.<br><br>Recurrente<br><br>v.<br><br>ADMINISTRACIÓN DE SERVICIOS GENERALES<br><br>Recurrido | KLRA202500343 | *Revisión Administrativa* procedente de la Administración Auxiliar de Adquisiciones de la Administración de Servicios Generales<br><br>Querella:<br>RFP 25J-14911<br><br>Sobre:<br>RFP para Formalizar Contrato Adquisición de Espejuelos |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de noviembre de 2025.

Compareció la parte recurrente Centrovisión Optical Group, Inc. (en adelante, "Centrovisión" o "recurrente"), mediante recurso de revisión judicial presentado el 9 de junio de 2025. Nos solicitó la revocación de la *Resolución* emitida y notificada por la Administración Auxiliar de Adquisiciones (en adelante, "Administración Auxiliar"), el 28 de abril de 2025. En esa *Resolución*, la Administración Auxiliar rechazó de plano la propuesta de Centrovisión, por no cumplir con el requisito relacionado a la vigencia de la fianza de licitación y dejó sin efecto la *Invitación y Pliego de Solicitud de Propuestas* codificada como RFP 25J-14911.

Por los fundamentos que expondremos a continuación se **desestima** el presente recurso de revisión administrativa por falta de jurisdicción.

**-I-**

[1] Véase *Orden Administrativa DJ 2024-062C* de 6 de mayo de 2025, sobre enmienda a la orden de designación de Paneles en el Tribunal de Apelaciones.

Número Identificador

SEN2025 _____

El 27 de febrero de 2025, la Administración Auxiliar publicó una *Invitación y Pliego de Solicitud de Propuestas* —codificada como RFP 25J-14911— con el propósito de formalizar un contrato de selección múltiple para la adquisición de espejuelos para las entidades gubernamentales, entidades exentas y municipios del Gobierno de Puerto Rico.[2] En la solicitud, la Administración Auxiliar acompañó las instrucciones y requisitos para someter la propuesta a los licitadores interesados.

Evaluadas las propuestas, la Administración Auxiliar emitió y notificó un *Rechazo Global* el 28 de abril de 2025.[3] Mediante esa *Resolución*, rechazó las ofertas de todos los licitadores, incluyendo la de Centrovisión, por entender que incumplieron con los requisitos del pliego de la subasta en cuestión. En específico, la Administración Auxiliar indicó que Centrovisión no cumplía con el requisito relacionado a la fianza de licitación. En el presente caso, la fianza de licitación requería de una vigencia de 180 días. No obstante, Centrovisión presentó una licitación con vigencia de 90 días. Finalmente, la Administración Auxiliar dejó sin efecto la *Invitación y Pliego de Solicitud de Propuestas* codificada como RFP 25J-14911 e indicó se procederá a emitir una solicitud para formalizar un contrato de selección múltiple para la adquisición de espejuelos para las entidades gubernamentales, entidades exentas y municipios del Gobierno de Puerto Rico.

Inconforme con ello, el 8 de mayo de 2025, Centrovisión presentó una *Solicitud de Revisión de Determinación de Rechazo Global Para REP25J-14911* ante la Junta Revisora de Subastas de la Administración de Servicios Generales (en adelante, "Junta Revisora").[4] En esta, certificó haber remitido copia personalmente a

---

[2] Apéndice del recurrente, pág. 24.
[3] *Íd.*, págs. 2-7.
[4] *Íd.*, págs. 15-23.

la Administración de Servicios Generales del Gobierno de Puerto Rico. Asimismo, certificó haber notificado Communikart, Inc. a través de su correo electrónico, carlos@sunnyplanet.com y por correo certificado con acuse de recibo al PO Box 192928, San Juan, PR 00919.

Tras el rechazo de plano por la Junta Revisora al no haber atendido la referida solicitud dentro del término correspondiente, el 9 de junio de 2025, Centrovisión acudió ante este Tribunal mediante el recurso de epígrafe, en el cual señaló el siguiente error:

> Erró la ASG al descalificar la propuesta de Centrovisión cuando que el error que se le imputa es un error es subsanable conforme a la normativa vigente y la jurisprudencia aplicable, máxime cuando Centrovisión procedió a emitir y entregar una fianza corregida por el término correcto y por la cantidad requerida.

Luego de que este Tribunal ordenara su comparecencia, el 16 de julio de 2025, la Administración de Servicios Generales del Gobierno de Puerto Rico (en adelante, "ASG" o "recurrido") presentó *Moción de Desestimación*. En esencia, sostuvo que el recurrente no había notificado el recurso presentado ni a la Administración Auxiliar, ni a la Junta Revisora. A su entender, el recurrente incumplió con el requisito de notificación establecido en la Regla 58 (b) (1) del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. 76, 215 DPR __ (2025), así como en la Sección 4.2 de la Ley Núm. 38-2017, según enmendada, conocida como "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico" (en adelante, "LPAU").

Así las cosas, le ordenamos a Centrovisión que presentara su posición en torno a la solicitud de desestimación. El 4 de agosto de 2025, el recurrente presentó *Moción en Cumplimiento de Orden*. Señaló que el recurso presentado ante este Foro fue notificado a ASG y a Communikart, Inc. Añadió que ASG representaba tanto la

Administración Auxiliar, así como a la Junta Revisora, por lo que sostuvo que la falta de notificación a estos no priva de jurisdicción a este Tribunal.

Con el beneficio de la comparecencia escrita de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

**-II-**

**A. Jurisdicción**

En nuestro ordenamiento jurídico se ha establecido que la jurisdicción "es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias que tiene ante sí". *R&B Power Inc., v. Junta de Subasta*, 213 DPR 685, 698 (2024); *FCPR V. ELA et al.*, 211 DPR 521, 529 (2023). En ese sentido, los asuntos jurisdiccionales son privilegiados y deben ser atendidos de forma preferente. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020).

Acorde con ello, los tribunales estamos emplazados a ser fieles guardianes de nuestra jurisdicción y carecemos de discreción para asumirla donde no la hay. *Id.* Por ende, la falta de jurisdicción tiene los siguientes efectos:

> (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio.*

*Fuentes Bonilla v. ELA*, 200 DPR 364, 372-373 (2018).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 109-110, 215 DPR __ (2025), confiere autoridad al Tribunal para desestimar un recurso de apelación o denegar un auto discrecional, a iniciativa propia o a

petición de parte, cuando carezca de jurisdicción. De esa forma, si al hacer el análisis jurisdiccional, el tribunal concluye que carece de jurisdicción para adjudicar la cuestión ante su consideración, tiene el deber de así declararlo y proceder con la desestimación del recurso apelativo sin entrar en los méritos de la controversia. *Ruíz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 269 (2018).

**B. Ley Núm. 73-2019**

La Ley Núm. 73-2019, según enmendada, conocida como la *Ley de la Administración de Servicios Generales para la Centralización de las Compras del Gobierno de Puerto Rico de 2019,* 3 LPRA sec. 9831 *et seq.*, es la legislación responsable de implementar uniformidad en los procesos de adquisición, evaluación y revisión en las compras de bienes, obras y servicios no profesionales para todas las Entidades Gubernamentales y Entidades Exentas.

Por un lado, la Ley Núm. 73-2019, *supra,* creó a la Junta de Subastas como un organismo cuasijudicial adscrito a la ASG facultado para evaluar y adjudicar las subastas del Gobierno de Puerto Rico, mediante el procedimiento uniforme dispuesto en la misma ley. 3 LPRA sec. 9836. Su composición consiste en un (1) presidente y cuatro (4) miembros asociados, todos designados por el Gobernador, con el consejo y consentimiento del Senado de Puerto Rico. 3 LPRA sec. 9836a. Además, para el descargo de sus funciones, la ASG le provee el apoyo administrativo necesario. *Id.*

De otro lado, el precitado estatuto creó, a su vez, a la **Junta Revisora de Subastas** como aquel organismo cuasijudicial adscrito a la ASG diseñado y facultado para revisar cualquier impugnación de las determinaciones o adjudicaciones realizadas por: (i) **la Administración Auxiliar del Área de Adquisiciones**, (ii) la Junta de Subastas o (iii) las Juntas de Subastas de las Entidades Exentas. 3 LPRA sec. 9837. Inclusive, la propia Ley Núm. 73-2019 establece

que solicitar revisión ante la Junta Revisora es un requisito jurisdiccional previo para recurrir al Tribunal de Apelaciones. 3 LPRA sec. 9838a. Una vez, se presenta una revisión ante la Junta Revisora, esta dispondrá de un término de diez (10) días calendario para determinar si acoge o no la solicitud de revisión administrativa contados desde la fecha de su presentación. 3 LPRA sec. 9838c. No obstante, si dejare de tomar alguna acción con relación a la solicitud de revisión dentro del mencionado término, se entenderá que ha sido rechazada de plano, y a partir de esa fecha comienza a correr el término para la revisión judicial. *Id.*

En cuanto a la composición de la Junta Revisión, el estatuto instituye un (1) presidente, (2) dos miembros asociados y un (1) miembro alterno, todos nombrados por el Gobernador, con el consejo y consentimiento del Senado de Puerto Rico. 3 LPRA sec. 9837a. Además, cuenta con autonomía operacional y facultad para actuar de manera independiente a la ASG, aunque para el descargo de sus funciones, puede recibir el apoyo administrativo necesario por parte de ésta. 3 LPRA sec. 9837.

**C. Perfeccionamiento de los recursos apelativos y su notificación**

En nuestro ordenamiento jurídico, se ha establecido que el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013); *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987). Por lo que, "las disposiciones reglamentarias que rigen su perfeccionamiento de los recursos apelativos deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados". *Isleta v. Inversiones Isleta Marina*, 203 DPR 585, 591 (2019). Entre los requisitos para perfeccionar un recurso apelativo se encuentra la notificación oportuna a todas las partes sobre su presentación. *González Pagán v. SLG Moret-Brunet*, 202

DPR 1062, 1070-1071 (2019). De hecho, "la falta de notificación a una de las partes priva de jurisdicción al tribunal para atender el recurso en los méritos". *Pérez Soto v. Cantera Pérez, Inc. et al.,* 188 DPR 98, 106 (2013). Ello, en la medida que, la notificación es parte integral de la garantía constitucional a un debido proceso de ley. *Metro Senior v. AFV,* 209 DPR 203, 210 (2022). Además, "la notificación es imperativa ya que coloca a la parte contraria en conocimiento del recurso que solicita la revisión del dictamen de la agencia". *Id.* Asimismo, existe el requisito de notificación de los distintos recursos apelativos a los foros recurridos. *Rafael Rosario & Assoc. v. Depto. Familia,* 157 DPR 306, 319 (2002); *Olmeda Díaz v. Depto. de Justicia,* 143 DPR 596, 603 (1997).

En lo que concierne a los recursos de revisión administrativa, la Regla 58(B)(1) del Reglamento del Tribunal de Apelaciones consagra la forma en que se tiene que realizar la notificación del recurso de revisión, a saber:

> **La parte recurrente notificará el escrito de revisión** debidamente sellado con la fecha y hora de su presentación a los abogados de récord del trámite administrativo o, en su defecto, a las partes, así como a **la agencia o al funcionario administrativo de cuyo dictamen se recurre, dentro del término para presentar el recurso, siendo éste un término de cumplimiento estricto.**

Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 76, 215 DPR __ (2025) (énfasis nuestro).

Nótese que, de un lado, la referida regla establece a quienes se notificará el escrito de revisión, entre ellos, los siguientes: (i) a los abogados de récord del trámite administrativo o a las propias partes, según corresponda; y (ii) a la agencia o al funcionario administrativo de cuyo dictamen se recurre. *Id.*

De otra parte, la referida regla preceptúa que la parte recurrente notificará el escrito de revisión dentro del término dispuesta para presentar el recurso, el cual será de cumplimiento escrito. *Id.* Lo que significa que, el foro intermedio no tiene

discreción para prorrogar el término de forma automática, salvo se muestre justa causa. *Montañez Leduc v. Robinson Santana,* 198 DPR 543, 551 (2017). Entendiéndose que, la justa causa conlleva acreditar la tardanza o demora con explicaciones concretas y particulares; no meras vaguedades, excusas o planteamientos estereotipados. *Soto Pino v. Uno Radio Group*, supra, pág. 93. Por lo tanto, "si se suscita un incumplimiento sin justa causa, necesariamente procede la desestimación del recurso presentado". *Id.*

**-III-**

De entrada, como foro revisor, estamos obligados a examinar nuestra jurisdicción para atender el recurso que nos ocupa. Veamos.

Tras la presentación del recurso de epígrafe, la ASG nos solicitó su desestimación, toda vez que el recurrente no le notificó el *Recurso de Revisión Judicial* a la Administración Auxiliar ni a la Junta Revisora. Por tanto, sostuvo que el recurrente incumplió con el requisito de notificación establecido en la Regla 58(B)(1) de nuestro Reglamento y con la Sección 4.2 de la LPAU.

El recurrente en su oposición a la desestimación argumentó que era suficiente notificarle el *Recurso de Revisión Judicial* a la ASG, toda vez que tanto la Administración Auxiliar, como la Junta Revisora, le pertenecen a la ASG.

Conforme expusimos en el derecho aplicable, el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Soto Pino v. Uno Radio Group,* supra. De manera que las partes deben cumplir rigurosamente las disposiciones reglamentarias requeridas para perfeccionar sus recursos apelativos. *Isleta v. Inversiones Isleta Marina,* supra. Lo anterior nos permite estar en posición de atender la controversia ante nos. *Soto Pino v. Uno Radio Group,* supra. Pertinente al caso que nos ocupa,

explicamos que la Regla 58 (B)(1) de nuestro Reglamento, le impone a la parte recurrente el deber de notificar el escrito de revisión a las partes siguientes: (i) los abogados del trámite administrativo y (ii) la agencia o al funcionario administrativo de cuyo dictamen se recurre. Por lo tanto, la precitada regla de nuestro Reglamento requiere que el organismo administrativo del cual se recurre sea notificado de cualquier solicitud de revisión administrativa ante este Foro Revisor. Entiéndase, que el incumplimiento con tal deber priva de jurisdicción al foro revisor e impide que este pueda atender el reclamo que intente presentar la parte adversamente afectada.

Según surge del expediente ante nuestra consideración, el recurrente presentó la solicitud de revisión administrativa ante la Junta Revisora, el 8 de mayo de 2025. Sin embargo, tras haber transcurrido el término dispuesto en ley sin que la Junta Revisora tomara alguna acción con relación a la solicitud de revisión administrativa, esta fue rechazada de plano. En cumplimiento con los términos jurisdiccionales, el 9 de junio de 2025, el recurrente presentó el *Recurso de Revisión Judicial* que nos ocupa.

Tras examinar el expediente de epígrafe, nos percatamos que el recurrente notificó el *Recurso de Revisión Judicial* a la ASG y a Communikart, Inc. No obstante, no obra en autos que el recurrente haya notificado a la Junta Revisora, organismo del cual se recurre ante nos. Reiteramos que es la propia Regla 58(B)(1) de nuestro Reglamento, quien establece que el escrito de revisión debe ser notificado a la agencia o al funcionario administrativo de cuyo dictamen se recurre. Además, nuestro más Alto Foro ha explicado en varias instancias que tanto las agencias gubernamentales recurridas como sus propios organismos administrativos apelativos internos —que sean independientes con amplios poderes de adjudicación—, deben ser notificados de cualquier recurso de revisión presentado ante un foro judicial.

Así, por ejemplo, en *Olmeda Díaz v. Depto. de Justicia*, supra, una empleada fue separada de su puesto en el Departamento de Justicia mediante una vista informal celebrada por la propia agencia. La referida empleada apeló esa determinación ante la Junta de Apelaciones del Sistema de Administración de Personal —conocida por sus siglas JASAP—, quien confirmó la decisión del Departamento de Justicia. Asimismo, la empleada presentó recurso de revisión ante este Foro Revisor, el cual desestimamos por falta de notificación a la JASAP. El Tribunal Supremo confirmó nuestra determinación y explicó que la empleada debió notificar el recurso de revisión tanto al Departamento de Justicia como a la JASAP. Resolvió que, el Departamento de Justicia tenía que recibir notificación de la revisión por ser la parte recurrida, mientras que la JASAP también tenía que ser notificada por ser el organismo administrativo que resolvió el caso y de cuya resolución se recurre al foro judicial.

Posteriormente, nuestro Tribunal Supremo tuvo la oportunidad de abordar una controversia similar. En *Rafael Rosario & Assoc. v. Depto. Familia*, supra, un licitador no agraciado —en un proceso de licitación celebrado por la Junta de Subasta del Departamento de la Familia— presentó una reconsideración ante la Junta Adjudicativa del Departamento de la Familia, quien denegó reconsiderar su dictamen. En desacuerdo, el referido licitador no agraciado presentó recurso de revisión ante este Tribunal apelativo y notificó sobre ello la Junta de Subastas y al licitador agraciado, más no así a la Junta Adjudicativa. En esa ocasión, este Tribunal erróneamente resolvió que el recurso de revisión fue notificado de forma correcta, debido a que la Junta Adjudicativa no era una agencia separada del Departamento de la Familia y, por tanto, no tenía que ser notificado por separado. Esto es, sostuvo que bastaba que el licitador no agraciado notificara el recurso solo al

Departamento de la Familia. Inconforme, el Procurador General recurrió al Tribunal Supremo.

Al atender la controversia, la Alta Curia resolvió que por imperativo constitucional la Junta de Subasta y la Junta Adjudicativa —ambos organismos del Departamento de la Familia— eran dos entes separados e independientes dentro de esa dependencia gubernamental, debido a las funciones particulares que ejercían. Esto es, consideró que el Departamento de la Familia no puede fungir como parte y a la misma vez ser el organismo adjudicativo cuasijudicial. Por lo tanto, el Tribunal Supremo concluyó que la Junta Adjudicativa como organismo adjudicativo es la "agencia" recurrida ante el Tribunal de Apelaciones. En vista de lo anterior y al interpretar la Regla 58(B)(1) de nuestro Reglamento, resolvió que el licitador no agraciado debió notificar el recurso de revisión: (i) a la Junta Adjudicativa —como agencia recurrida—; y (ii) al Departamento de la Familia —como parte recurrida—.

Con este análisis jurisprudencial y según mencionamos en el acápite II de esta *Sentencia*, en el caso de autos debemos reiterar que la Junta Revisora es un organismo cuasijudicial adscrito la ASG, pero es independiente dentro de la agencia administrativa, debido a su autonomía operacional para ejecutar sus facultades. 3 LPRA sec. 9837; *Rafael Rosario & Assoc. v. Depto. Familia,* supra. Esto es, la Junta Revisora cuenta con una composición estructural y administrativa distinta y separada de la ASG. Así pues, en la medida que, la Junta Revisora es un organismo independiente, distinto y separado de la ASG, debió de ser notificada sobre el recurso de revisión presentado ante nuestra consideración por esta ser el foro o "agencia" recurrida a tenor con la Regla 58(B)(1) de nuestro Reglamento. Por tal razón, para que el recurso de revisión judicial se perfeccionara correctamente, la recurrente debió

notificar, entre otros, a los siguientes: (i) a la ASG, como parte recurrida; y (ii) a la Junta Revisora, como agencia recurrida.

Por tanto, resulta forzoso concluir que estamos ante un recurso no perfeccionado por incumplir con el requisito de notificación establecido en la Regla 58(B)(1) de nuestro Reglamento. Concluir lo contrario, conllevaría a incumplir con nuestro deber de custodiar nuestra jurisdicción.

En consideración a lo anterior, este Tribunal de Apelaciones carece de jurisdicción para atender el recurso de epígrafe.

**-IV-**

Por los fundamentos previamente expuestos, se **desestima** el presente recurso de revisión administrativa por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones